# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 10

### OCTOBER TERM, A.D. 2013

### January 23, 2014

IN THE INTEREST OF LB, BO, KO,
Minors,

STATE OF WYOMING, DEPARTMENT
OF FAMILY SERVICES,

Appellant
(Petitioner),

v.

DH and CB,

Appellees
(Respondents)

and

STATE OF WYOMING,

Appellee
(Petitioner).

S-13-0095

*Appeal from the District Court of Campbell County*
*The Honorable Dan R. Price II, Judge*

*Representing Appellant:*
Gregory A. Phillips, Wyoming Attorney General; Peter K. Michael, Chief Deputy Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Christina F. McCabe, Senior Assistant Attorney General.  Argument by Ms. McCabe.

*Representing Appellees DH and CB:*
No appearance.

*Representing Appellee State of Wyoming:*
    Martin L. Hardsocg, Deputy Attorney General; Lisa K. Finkey, Special Assistant Attorney General.  Argument by Ms. Finkey.

*Guardian Ad Litem:*
    Dan S. Wilde and Aaron S. Hockman.  Argument by Mr. Hockman.

***Before KITE, C.J., and HILL, VOIGT,\* BURKE, and DAVIS, JJ.***

***\*Justice Voigt retired effective January 3, 2014.***

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]    The State filed a neglect petition in the interests of BO and KO after the Department of Family Services (DFS) received reports regarding the care the children were receiving from their mother, DH, and stepfather, CB.[1]  After DFS' efforts to reunify BO and KO with DH failed, the juvenile court ordered the children to remain in the custody of their father, SO, and that DFS move to terminate the parental rights of DH to those children.  DFS appeals that order, claiming it cannot move to terminate DH's parental rights because it does not have custody of the children and, therefore, is not an "authorized agency" under Wyo. Stat. Ann. § 14-2-310(a)(iii).

## ISSUE[2]

[¶2]    Before DFS can be considered an "authorized agency" that may file a petition to terminate one's parental rights, must DFS have custody of the child or children in question?

## FACTS

[¶3]    In August 2011, the State filed a petition in juvenile court, alleging that BO and KO were being neglected by their mother, DH.  The children, who resided with their father, SO, in Illinois, were visiting DH for the summer in Wyoming.  DFS received a call that DH and CB were involved in physical confrontations while the children were in the home.  It was also reported that the children were wearing dirty clothes, they did not have any shoes, DH's home had dirty dishes and garbage strewn all over, and the house was unbearably hot.  Further, DFS was told that DH admitted to using methamphetamine and was seen "strung out" while with the children.  Although DH denied using methamphetamine while the children were in her care, a urinalysis taken at the request of DFS tested positive for methamphetamine and cocaine.

---

[1] As reflected in this case's caption, the State alleged in its petition that LB, BO, and KO were neglected by their mother, DH, and CB, LB's father/BO and KO's stepfather.  While this case was proceeding through the juvenile court, DH and CB both voluntarily relinquished their parental rights to LB.  Consequently, CB was released as a party for the remaining disposition of the case because he had no parental rights to BO and KO.  Thus, the remainder of the opinion will only discuss the facts as they pertain to BO, KO, and DH.

[2] The Court concludes that DFS is an "authorized agency" under Wyo. Stat. Ann. § 14-2-310(a)(iii).  The issue we do not address, because the parties have not raised it, is whether the juvenile court exceeded its authority in ordering DFS to move to terminate the parental rights of DH.  For now, we simply note that there may remain a separation of powers question to be addressed in this matter.  See *In re Padget*, 678 P.2d 870, 872 (Wyo. 1984) (criminal case noting that initial decision whether to pursue charges must be made "by the executive branch of the state, whose duty it is to see that the laws of the state are 'faithfully executed.'").

1

[¶4]    After a bench trial, the juvenile court adjudicated BO and KO as neglected children.  The juvenile court ordered the children to remain in the custody of their father, SO, while under the protective supervision of DFS.  Thereafter, the parties participated in multi-disciplinary team meetings in anticipation of the juvenile court's determination regarding the disposition of the petition.  Approximately one year after the petition had been filed, the juvenile court held a permanency hearing where it heard what progress all of the parties had made with respect to the recommendations made in the multi-disciplinary team meetings.  Based upon that information, the juvenile court ordered that the permanency plan for BO, KO, and DH remain reunification, contingent upon a modification of the original civil custody order within sixty days.[3]  If the order was not modified, the permanency plan would become the termination of DH's parental rights to BO and KO.[4]

[¶5]    At some point in time, DFS was advised by its counsel that, despite DH's failure to have the civil custody order modified, it could not move to have her parental rights to the children terminated.  The basis for this claim was that, because the children were not in DFS' legal custody, it is not an "authorized agency" that can file a petition under Wyo. Stat. Ann. § 14-2-310 (LexisNexis 2013).  The juvenile court held a hearing on the matter, concluded that DFS is an "authorized agency," and, again, ordered DFS to take the steps necessary to carry out the terms of the permanency plan—to wit: move to terminate DH's parental rights to BO and KO.  The juvenile court entered a written order to that effect, specifically finding that DFS did not need to have custody of the children in order to be an "authorized agency" that may move to terminate parental rights pursuant to Wyo. Stat. Ann. § 14-2-310(a)(iii).  DFS now appeals that order.

**STANDARD OF REVIEW**

[¶6]    When determining what an "authorized agency" is pursuant to Wyo. Stat. Ann. § 14-2-310(a), this Court must engage in statutory interpretation.    "Statutory

---

[3] The record is not clear as to what jurisdiction entered the original civil custody order.  Further, the order is not clear who was responsible for seeking a modification of the order or what the modification was supposed to entail.  However, in a subsequent motion, the State represents that it was DH's responsibility to have the custody order modified.

[4] In its brief, the State argues that DFS' appeal in this matter is untimely because it did not appeal the original permanency order within thirty days.  However, there was nothing for DFS to appeal at that point in time.  DH had sixty days to modify the original civil custody order, and if that happened, then DFS was not required to take any action to further the termination of DH's parental rights to BO and KO.  Thus, it was appropriate for DFS to appeal the order that actually required it to take action, which was the juvenile court order that determined DFS was an authorized agency that could move to terminate DH's parental rights to the children.

interpretation is a question of law that this Court reviews *de novo*." *MF v. State*, 2013 WY 104, ¶ 6, 308 P.3d 854, 857 (Wyo. 2013).

## DISCUSSION

[¶7]    DFS argues the juvenile court incorrectly concluded that DFS did not need to have custody of BO and KO in order for it to be an "authorized agency" under Wyo. Stat. Ann. § 14-2-310.    Statutory interpretation requires this Court to respect the following principles:

> We endeavor to interpret statutes in accordance with the legislature's intent.    We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia*.   When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction.   Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation.

*In re Guardianship of Lankford*, 2013 WY 65, ¶ 18, 301 P.3d 1092, 1099 (Wyo. 2013) (quoting *Redco Constr. v. Profile Properties, LLC*, 2012 WY 24, ¶ 26, 271 P.3d 408, 415-16 (Wyo. 2012)).

[¶8]    We begin by looking at the plain language of Wyo. Stat. Ann. § 14-2-310:

> (a) The petition for the termination of the parent-child relationship shall be filed with the court by:
>
>> (i)    Either parent, when termination of the parent-child legal relationship is sought with respect to the other parent; or
>>
>> (ii)    The guardian or the legal custodian of the child; or
>>
>> (iii)    An **authorized agency**.

Wyo. Stat. Ann. § 14-2-310 (emphasis added).  This statute is straightforward, but leaves one with the question of—what is an "authorized agency?"  "Authorized agency" is defined in Wyo. Stat. Ann. § 14-2-308(a)(ii):

(a)  As used in this act:

. . . .

(ii)  "Authorized agency" means:

(A)  A public social service agency authorized to care for and place children; or

(B)  A private child welfare agency certified by the state for such purposes pursuant to W.S. 14-6-201 through 14-6-243, 14-4-101 through 14-4-116, 1-22-101 through 1-22-114[.]

Wyo. Stat. Ann. § 14-2-308(a)(ii) (LexisNexis 2013).

[¶9]    There is no dispute between the parties, and this Court agrees, that DFS is a public social service agency that is the "youth services authority and the authority for public assistance and social services." Wyo. Stat. Ann. § 9-2-2101(a) (LexisNexis 2013). Further, the Child Protection Act, Wyo. Stat. Ann. §§ 14-3-401 through 14-3-441 (LexisNexis 2013), vests DFS with the authority to oversee the custody and care of children in cases of abuse and neglect. Additionally, the Child Protection Act specifically states that "[t]he court shall order [DFS] to take any additional steps necessary to effectuate the terms of the permanency plan." Wyo. Stat. Ann. § 14-3-431(k). However, DFS argues that, when looking at all of the statutes together, it is not "authorized to care for and place children" unless the children are in its custody first and, therefore, it cannot be an "authorized agency" under Wyo. Stat. Ann. §§ 14-2-308(a)(ii) and 14-2-310(a)(iii) unless the children are in its custody. We disagree.

[¶10] As the statutes make clear, the legislature created DFS to be the public social service agency that oversees youth services in the state. Wyo. Stat. Ann. § 9-2-2101(a). Further, DFS is given the general authority to oversee the well-being of children in abuse and neglect cases. Wyo. Stat. Ann. §§ 14-3-401 through 14-3-441. While DFS may not always take custody of children in those cases, the legislature has nonetheless given it the authority to do so if the particular case warrants the action. DFS is always authorized, by statute, to care for and place children. Therefore, whether or not DFS actually has physical or legal custody of the child is irrelevant—DFS is always an "authorized agency" under Wyo. Stat. Ann. §§ 14-2-308 and 14-2-310. Additionally, Wyo. Stat. Ann. § 14-3-431(k) is clear that the district court *shall* order DFS to take necessary steps to effectuate the terms of the permanency plan. In this case, that step was to terminate DH's parental rights.

4

[¶11] This conclusion is further supported by other language in Wyo. Stat. Ann. § 14-2-310. As cited *supra* ¶ 8, subsection (ii) of that statute gives a guardian or the legal custodian of the child the authority to file a petition to terminate parental rights. If DFS has custody of the child, then it would be the legal custodian of the child, and it could move to terminate the parental rights to the child under subsection (ii). Accordingly, if DFS is required to have custody of the child, then there would be no reason to have subsection (iii), which allows an authorized agency to file the petition. Reading the statute as a whole, it is clear the legislature intended that parents, those who are not parents but have legal custody of the child, or authorized agencies that do not have custody of the child be allowed to file a petition to terminate parental rights. We will not interpret the statute in such a way that would render the final subsection of the statute meaningless. *Lankford*, 2013 WY 65, ¶ 18, 301 P.3d at 1099.

## CONCLUSION

[¶12] DFS is an "authorized agency," pursuant to Wyo. Stat. Ann. § 14-2-310(a)(iii), regardless of whether it has the physical and/or legal custody of the child in question. Thus, the district court's order, requiring DFS to move forward with a petition to terminate DH's parental rights to BO and KO, is affirmed.

5