DAVIS, Chief Justice.
*999 [¶1] In 2007, the United States Internal Revenue Service (IRS) filed a Notice of Federal Tax Lien (NFTL) against real property owned by Terrance Tuttle. In 2017, Mr. Tuttle filed a declaratory judgment action against the Laramie County Clerk, asking that the NFTL be declared invalid and that the clerk be ordered to remove the NFTL from Mr. Tuttle's property record. The district court dismissed the complaint as barred by the statute of limitations and for failure to state a cognizable claim. We agree that the complaint failed to state a cognizable claim and affirm.[1]
ISSUES
[¶2] Mr. Tuttle, appearing pro se , presents two issues on appeal. We find a single issue dispositive and state that issue as:
Did the district court err in dismissing Mr. Tuttle's complaint pursuant to W.R.C.P. 12(b)(6) for failure to state a claim for which relief may be granted?
FACTS
[¶3] Accepting the allegations in Mr. Tuttle's complaint as true, see Whitham v. Feller , 2018 WY 43, ¶ 4, 415 P.3d 1264, 1265 (Wyo. 2018), the pertinent facts are as follows. In 2007, the IRS filed an NFTL against Mr. Tuttle's Laramie County property. The IRS did not thereafter file a tax lien against the property, but the presence of the NFTL itself interfered with Mr. Tuttle's ability to refinance. On numerous occasions over the ten years following the recording of the NFTL, Mr. Tuttle asked the county clerk, then Debra Lathrop, to remove it from his property record. Ms. Lathrop refused to do so and informed Mr. Tuttle that the NFTL could not be removed without a court order.
[¶4] On April 12, 2017, Mr. Tuttle filed a declaratory judgment complaint against Debra Lee, Ms. Lathrop's successor. The complaint did not allege that Ms. Lee violated the law or any procedural requirement by recording the NFTL. It instead alleged, in relevant part:
15. The Plaintiff talked to Ms. Lathrop many times since 2007 about having the NFTL stricken from the record because it is incorrect and it contains false information that harms the Plaintiff's credit rating.
* * * *
21. The NFTL was placed of record by mistake. The NFTL constitutes a slander of the Plaintiff's title as no federal tax lien has ever been filed and no action has ever been taken by the IRS to enforce any tax lien.
[¶5] By way of relief, Mr. Tuttle asked the district court to declare the NFTL to be of no effect, and to order the county clerk to remove the NFTL from his property record. On May 4, 2017, Ms. Lee responded to the complaint with a Rule 12(b)(6) motion to dismiss for failure to state a claim.
[¶6] On July 6, 2017, the district court held a hearing on Ms. Lee's motion to dismiss. During that hearing, the court raised a question concerning the four-year statute of limitations applicable to declaratory judgment actions and directed the parties to submit supplemental briefing. After receiving the supplemental briefing, the court entered an order granting Ms. Lee's motion to dismiss. The court found the complaint was barred by the four-year statute of limitations, and it further concluded:
Even if Plaintiff's declaratory judgment action is not barred by the statute of limitations, it is still not cognizable. Plaintiff seeks to have the Laramie County Clerk *1000 remove the Notice of Federal Tax Lien. Under Wyoming Statutes §§ 29-6-201 through 29-6-208, the Laramie County Clerk has a non-discretionary duty to file notice of federal tax liens in the county records. In addition, Wyoming Statutes § 18-[3]-40[2](a)(xii) mandates that a county clerk file a notice of a lien "[in] favor of the United States." "Where a statute uses the mandatory language 'shall,' a court must obey the statute as a court has no right to make the law contrary to what is prescribed by the legislature." In re LePage , 2001 WY 26, ¶ 11, 18 P.3d 1177, 1180 (Wyo. 2001) ; see also White v. Wharff , 2007 WL 196676, * 5 (N.D. Cal. 2007) (dismissing a similar complaint "because [the county recorder] properly recorded the federal tax lien in accordance with the requirements of her job"). Consequently, because he does not allege any impropriety in the procedure that the Defendant followed in this case, his claim for declaratory relief is not cognizable against her.
[¶7] On February 5, 2018, Mr. Tuttle filed a timely notice of appeal to this Court.
STANDARD OF REVIEW
[¶8] "We review a district court's decision granting a Rule 12(b)(6) motion to dismiss de novo ." Whitham , ¶ 13, 415 P.3d at 1267 (citing Bush Land Dev. Co. v. Crook Cty. Weed & Pest Control Dist. , 2017 WY 12, ¶ 7, 388 P.3d 536, 539 (Wyo. 2017) ).
"When reviewing a W.R.C.P. 12(b)(6) dismissal, this Court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. We will sustain a W.R.C.P. 12(b)(6) dismissal only when it is certain from the face of the complaint that the plaintiff cannot assert any facts which would entitle him to relief."
Herrig v. Herrig , 844 P.2d 487, 490 (Wyo. 1992) (citation omitted), quoted in Davis v. State , 910 P.2d 555, 560 (Wyo. 1996). Although dismissal is a drastic remedy which should be granted sparingly, a motion to dismiss "is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief." Feltner v. Casey Family Program , 902 P.2d 206, 208 (Wyo. 1995) (quoting Mummery v. Polk , 770 P.2d 241, 243 (Wyo. 1989) ).
Rissler & McMurry Co. v. State , 917 P.2d 1157, 1160 (Wyo.1996), cert. denied , 519 U.S. 1091, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997).
Whitham , ¶ 13, 415 P.3d at 1267 (quoting Bush Land Dev. Co ., ¶ 7, 388 P.3d at 539 ).
DISCUSSION
[¶9] Mr. Tuttle contends that the district court erred in dismissing his complaint and argues the court should have ordered Ms. Lee "to perform the ministerial function of filing a judgment declaring that no tax lien burdens [his] title." Because a county clerk has no statutory authority to declare an NFTL invalid and record a document to that effect, we agree with the district court that Mr. Tuttle failed to state a cognizable claim.
[¶10] "[A] county has no powers other than those granted by Wyoming's constitution or its statutes, as well as those powers which can reasonably be implied from expressly granted powers." In re RB , 2013 WY 15, ¶ 14, 294 P.3d 24, 28 (Wyo. 2013) (citing Bd. of Cty. Comm'rs for Sublette Cty. v. Exxon Mobil Corp. , 2002 WY 151, ¶ 22, 55 P.3d 714, 721 (Wyo. 2002) ). This limitation extends to county officers. For example, in RB , we rejected a county's contention that its county attorney could challenge a State Hospital decision to discharge a patient. RB , ¶ 38, 294 P.3d at 34. We reasoned:
In the words of our own Justice Potter, "[c]ourts are not at liberty to depart from that meaning [of a statute] which is plainly declared." Rasmussen , 7 Wyo. [117] at 128, 50 P. [819] at 821 [ (1897) ]. The statutes here do not contain direct language to the effect that a county attorney may object to discharge on behalf of the State, and the legislature could easily have included that language if that had been its intent. It has done so in other statutes.
RB , ¶ 38, 294 P.3d at 34 (some alternations in original).
*1001 [¶11] We similarly conclude that the statutes governing the recording of federal tax liens and lien notices leave a county clerk with no statutory authority to independently evaluate and record a declaration concerning the validity of a federal lien or notice. We begin our review by looking to a county clerk's general authority under Title 18, and then turn to the more specific provisions governing federal tax liens.
[¶12] Wyo. Stat. Ann. § 18-3-402 sets forth a county clerk's duties generally. With respect to the filing of a federal lien or notice of lien, the statute provides that the county clerk shall:
File or file and record every notice, abstract or statement of any lien or claim or release or discharge thereof in favor of the United States or any department or bureau thereof as provided by the laws of the United States when any such instrument has been prepared in conformity to the laws of the United States and is presented for filing or filing and recording:
(A) The county clerk shall number such notices, abstracts or statements in the order in which they are filed and if they are required to be recorded he shall record them in a well bound book to be called "federal lien record." All instruments which require filing or recording shall be indexed alphabetically under the names of the persons named or affected in a well bound book called "index to federal liens";
(B) No fee shall be charged for the performance of these services and the failure to file, record or index properly the notice, abstract or statement shall not affect the validity or legality of any such lien, claim, release or discharge.
Wyo. Stat. Ann. § 18-3-402(a)(xii) (LexisNexis 2017).
[¶13] This obligation is further refined by the Uniform Federal Lien Registration Act, adopted by Wyoming in 1988. Wyo. Stat. Ann. §§ 29-6-201 et seq. (LexisNexis 2017). The Act clarifies what is required for a federal tax lien or notice of lien to be eligible for filing.
Certification of notices of liens, certificates or other notices affecting federal liens by the secretary of the treasury of the United States or his delegate, or by any official or entity of the United States responsible for filing or certifying of notice of any other lien, entitles them to be filed and no other attestation, certification or acknowledgement is necessary .
Wyo. Stat. Ann. § 29-6-205 (emphasis added).
[¶14] If a federal lien or notice of lien is presented to the county clerk with the section 205-required certification, the Act directs that the clerk
shall endorse thereon his identification and the date and time of receipt and immediately file it alphabetically or enter it in an alphabetical index showing the name and address of the person named in the notice, the date and time of receipt, the title and address of the official or entity certifying the lien and the total amount appearing on the notice of lien.
Wyo. Stat. Ann. § 29-6-206(a)(ii) (emphasis added).
[¶15] The use of the word "shall" in section 206(a)(ii), as well as in Wyo. Stat. Ann. § 18-3-402(a)(xii), means the county clerk's recording obligation is mandatory, not discretionary.
In particular, we have repeatedly found the word "shall" in a statute to be mandatory. Stutzman v. Office of Wyo. State Eng'r , 2006 WY 30, ¶ 17, 130 P.3d 470, 475 (Wyo. 2006) ("Where the legislature uses the word 'shall,' this Court accepts the provision as mandatory and has no right to make the law contrary to what the legislature prescribed."); see also Merrill v. Jansma , 2004 WY 26, ¶ 42, 86 P.3d 270, 288 (Wyo. 2004) ; and In re DCP , 2001 WY 77, ¶ 16, 30 P.3d 29, 32 (Wyo. 2001). "The choice of the word 'shall' intimates an absence of discretion. ..." In re LePage , 2001 WY 26, ¶ 12, 18 P.3d 1177, 1180 (Wyo. 2001).
In re MN , 2007 WY 189, ¶ 5, 171 P.3d 1077, 1080 (Wyo. 2007).
[¶16] Mr. Tuttle's complaint challenged the IRS's underlying basis for the filing of an NFTL against his property, but the complaint *1002 contained no allegation that the NFTL was not in the proper certified form prescribed by Wyo. Stat. Ann. § 29-6-205. Based on the allegations of the complaint, which is all this Court considers in reviewing a W.R.C.P. 12(b)(6) dismissal, we are therefore unable to find a cognizable claim against Ms. Lee. She had a mandatory obligation to file the NFTL, and nothing in her general Title 18 authority or her authority under the Lien Registration Act permitted her to independently question the underlying validity of the NFTL, to independently remove it from the property record, or to independently record a document declaring it invalid. There being no basis in law for Mr. Tuttle's claim against Ms. Lee and his requested relief, the district court properly dismissed the complaint for failure to state a claim. See also White v. Wharff , 2007 WL 196676, *5 (N.D. Cal. 2007) (discussing remedies against IRS for alleged procedural or substantive defects in tax lien and dismissing complaint against county recorder for failure to state a claim "because she properly recorded the federal tax lien in accordance with the requirements of her job.").
CONCLUSION
[¶17] A county clerk must record a federal tax lien or notice of lien if it is presented with the proper certification. A clerk has no authority or discretion to consider the underlying basis for the lien or notice, or to declare the invalidity of a federal tax lien, which is the relief Mr. Tuttle sought in his complaint against the Laramie County Clerk. The district court therefore properly dismissed the complaint for failure to state a cognizable claim.[2]

Because we hold that Mr. Tuttle's complaint failed to state a claim for which relief can be granted, we need not address the question of whether Mr. Tuttle's complaint was barred by the applicable statute of limitations.

Whether Mr. Tuttle has any recourse against the IRS, either through an administrative process or litigation against it in a proper court, is not before us, and we refrain from comment on that possibility. All we can say is that there is nothing the county clerk or the district court could do for him as this case is postured.