2001 WY 71

**In the Matter of the ESTATE OF Monty W. PETERS, Deceased:**

**Peter John Peters, Appellant (Deceased's Father),**

v.

**Denise L. Peters, a/k/a Denise L. Johnston and Jeff Anthony, co-administrators of estate, Appellees (Administrators).**

No. 00–207.

Supreme Court of Wyoming.

Aug. 13, 2001.

Peter John Peters, Pro Se, Laramie, WY, Representing Appellant.

Stephen N. Goodrich and Philip A. Nicholas of Anthony, Nicholas, Goodrich & Tangeman, LLC, Laramie, WY, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

[¶ 1] Appellant, Peter John Peters (Peters), who appears in this Court *pro se,* seeks review of an order of the probate court that denied his efforts to insinuate himself into the administration of the estate of his deceased son, Monty W. Peters. Peters' daughter-in-law, Appellee Denise L. Johnston Peters (Johnston), was appointed as the administrator of her husband's estate, and Peters challenged the legality of the marriage of his son to Johnston and her right to administer his son's estate. Peters' challenges were posed largely in the context of

his personal views of ecclesiastical law, rather than in terms of Wyoming's law governing intestate succession and administration of estates.

[¶ 2] We will affirm the probate court's disposition of this matter on the basis that Peters lacked standing, both in the district court and in this Court, to litigate any of the issues which he sought to raise.

## ISSUES

[¶ 3] Peters proposes these issues for our review:

I. Did the court err in finding Denise Johnston to be the lawful common law wife and heir of the decedent under the laws of the State of Colorado when the parties had no significant contacts with, and were not ever residents of or domiciled in Colorado?

II. Did the court err in finding Denise Johnston to be the lawful common law wife and heir of the decedent under the laws of the State of Colorado when the evidence of the circumstances of the parties relations did not support, and in fact precluded, a finding of a common law union?

III. Did the court err in finding Denise Johnston to be the lawful common law wife and heir of the decedent under the laws of the State of Colorado when recognition of such common law union runs counter to the strong public policy of the State of Wyoming?

In response, Johnston poses this statement of the issues:

1. The probate court correctly held that, regardless whether Monty W. Peters and Denise L. (Johnston) Peters were lawfully married, Intervenor Appellant Peter J. Peters has no interest in the estate of Monty W. Peters, and consequently has no standing to intervene in the probate matter.

2. The probate court correctly found that Denise L. (Johnston) Peters was the lawful and legal wife of decedent Monty W. Peters, and is entitled to administer his estate.

3. Because Appellant lacked standing to intervene in the probate matter below, he

lacks standing to pursue an appeal before this Court.

## FACTS

[¶ 4] The facts we present here are not in dispute. Johnston and Monty W. Peters were married in a Christian ceremony at Estes Park, Colorado, on May 29, 1993. The parties to that marriage never obtained a marriage license, the reason being that such an action would have been contrary to the Peters family's religious beliefs. Peters conceded that there was a marriage in the eyes of God but not in the eyes of the states of Colorado or Wyoming. Peters contended that as patriarch of his family, and in accordance with his religious beliefs, he was the only person entitled to administer his son's estate.

[¶ 5] Johnston and Monty W. Peters were the parents of three children who were born of the marriage. At the time this probate matter was filed, the children were aged five years, four years, and one year. Johnston and Monty W. Peters lived together until at least July of 1999. Johnston contends, and Peters does not dispute this, that she and her husband were still married (at least in the eyes of God) at the time Monty W. Peters was killed in an automobile accident on January 1, 2000. Monty W. Peters did not have a will, and, hence, his property was required to be distributed in accordance with the laws governing intestate succession.

[¶ 6] On January 12, 2000, the probate court issued letters of administration to Johnston upon her petition for such letters and appointed her as personal representative. Wyo. Stat. Ann. §§ 2–3–101–104, 2–4–205, and 2–4–208 (LexisNexis 2001). The matter was proceeding in the usual course of events when, on April 17, 2000, Peters filed two sets of papers: (1) Offer of Proof § 1–12–301,[1] Demand for Proof of Jurisdiction; Motion for Summary Judgment; Objection to Presumption of Jurisdiction; Article 3. Judicial Notice of Foreign Law and Supporting affidavit(s); and (2) Demand or Caveat to revoke Probate Fraudulent Representations;

---

1. Wyo. Stat. Ann. § 1–12–301 (LexisNexis 2001) is entitled, "Proof of laws of foreign jurisdiction." The "foreign" law discussed in the filing related to ecclesiastical law ("law of the Bible").

Demand to Dismiss. On May 9, 2000, Peters filed papers entitled, Motion for Judicial Notice and to Remove Personal Representatives [2] and Supporting Affidavit. It is difficult to precisely categorize these pleadings in terms of rules of civil procedure or statutes governing the administration of estates, but they most closely resemble a contest of a petition for letters of administration. Wyo. Stat. Ann. § 2–4–206 (LexisNexis 2001).

### DISCUSSION

■ [¶ 7] The probate court determined that the papers filed by Peters, and the responses made by Johnston, were converted to a summary judgment proceeding. W.R.C.P 12(c). Of course, the probate court appropriately recognized that it had jurisdiction over the subject matter and the parties and that it was required to adhere to the laws of the state of Wyoming. The probate court also concluded that Johnston was the legal wife of Monty W. Peters and that she was entitled to administer her deceased husband's estate. However, we conclude that it is unnecessary for us to address that issue in order to resolve this case and that it likewise was unnecessary for the probate court to have addressed that issue.

[¶ 8] The probate court went on to conclude that because Monty W. Peters died intestate, descent and distribution of his estate was to be determined by the provisions of Wyo. Stat. Ann. § 2–4–101 (LexisNexis 2001):

(a) Whenever any person having title to any real or personal property having the nature or legal character of real estate or personal estate undisposed of, and not otherwise limited by marriage settlement, dies intestate, the estate shall descend and be distributed in parcenary to his kindred, male and female, subject to the payment of his debts, in the following course and manner:

(i) If the intestate leaves husband or wife and children, or the descendants of any children surviving, one-half (½) of the estate shall descend to the surviving husband or wife, and the residue thereof to the surviving children and descendants of children, as hereinafter limited;

. . . .

(c) Except in cases above enumerated, the estate of any intestate shall descend and be distributed as follows:

(i) To his children surviving, and the descendants of his children who are dead, the descendants collectively taking the share which their parents would have taken if living;

(ii) if there are no children, nor their descendants, then to his father, mother, brothers and sisters, and to the descendants of brothers and sisters who are dead, the descendants collectively taking the share which their parents would have taken if living, in equal parts[.]

■ [¶ 9] The probate court also found that the intestate deceased arguably had a wife and most certainly had three children. Wyo. Stat. Ann. § 2–4–201 provides that: "The relatives of the deceased are entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof." Peters was not entitled to succeed to his son's personal estate and, therefore, was not a person entitled to administer his son's estate. Wyo. Stat. Ann. § 2–4–206 provides: "Any person interested may contest the petition by filing written opposition on the ground of the incompetency of the applicant, or may assert his own rights to the administration and pray that letters be issued to himself." In order to be an "interested person," Peters must stand to inherit or succeed to property of the estate or some portion of it. *See In Re Coolidge's Estate*, 47 Wyo. 488, 41 P.2d 503, 505–6 (1935).

[¶ 10] With respect to standing we have held:

Standing is a concept used to determine whether a party is sufficiently affected to insure that a justiciable controversy is presented to the court. . . . It is a necessary and useful tool to be used by courts in ferreting out those cases which ask the

---

**2.** Because Johnston moved to Pennsylvania, a co-administrator was also appointed. Wyo. Stat. Ann. § 2–4–201(c) (LexisNexis 2001).

courts to render advisory opinions or decide an artificial or academic controversy without there being a palpable injury to be remedied. However, it is not a rigid or dogmatic rule but one that must be applied with some view to realities as well as practicalities. Standing should not be construed narrowly or restrictively.

*Washakie County School District No. One v. Herschler,* 606 P.2d 310, 317 (Wyo.1980).

[¶ 11] Under the circumstances presented by this case, we concur with the conclusion of the probate court with respect to standing and hold that Peters has no standing to contest the validity of the marriage between Johnston and his son in the context of this probate proceeding, as well as no standing to contest the issuance of letters of administration to her or her appointment as personal representative of the estate of Monty W. Peters.

[¶ 12] Because Peters lacks standing to contest the actions of the probate court, he has no standing to sustain an appeal in this Court, and the order of the probate court is affirmed.