2007 WY 151

**HALLIBURTON ENERGY SERVICES, INC., Appellant (Defendant),**

v.

**Retha GUNTER, a personal representative of the estate of James Albert Bates, Appellee (Plaintiff).**

**In the Matter of the Estate of James Albert Bates, Deceased:**

**Halliburton Energy Services, Inc., Appellant (Intervenor),**

v.

**Retha C. Gunter, personal representative of the estate of James Albert Bates, Appellee (Plaintiff).**

**Nos. 06–205, S–07–0076.**

Supreme Court of Wyoming.

Sept. 20, 2007.

Representing Appellant: Roger E. Shumate and James C. Worthen of Murane & Bostwick, LLC, Casper, Wyoming. Argument in Case No. 06–205 by Mr. Shumate.

Representing Appellee: Kent W. Spence and M. Kristeen Hand of The Spence Law Firm, LLC, Jackson, Wyoming. Argument in Case No. 06–205 by Mr. Spence.

Before VOIGT, C.J., and GOLDEN, HILL, and BURKE, JJ., and PRICE, D.J.

VOIGT, Chief Justice.

[¶ 1] The underlying question in these related cases is whether the personal representative appointed to pursue a civil wrongful death action under Wyo. Stat. Ann. § 1–38–102(a) (LexisNexis 2007) must be a resident of the State of Wyoming, as is required for intestate estate administrators under the probate code, Wyo. Stat. Ann. § 2–4–201(c) (LexisNexis 2007). We decline to answer that question because the probate court did not err in denying a wrongful death action defendant's motion to intervene in the probate for the purpose of challenging appointment of the personal representative, and because that wrongful death action defendant likewise does not have standing to challenge that appointment in the wrongful death action, itself.

## FACTS

[¶ 2] James Bates was fatally injured in an oil rig accident in Lincoln County, Wyoming, on December 23, 2003. His brother, Kenneth Bates, was appointed by the probate court on April 13, 2005, as administrator of his intestate estate. Subsequently, the decedent's sister, Retha Gunter, was appointed as substitute administrator for the specific purpose of pursuing a wrongful death action. Gunter is not a resident of the State of Wyoming.

[¶ 3] Gunter has filed two wrongful death actions: one in the United States District Court for the District of Wyoming, and one in the District Court of Lincoln County. Halliburton is one of several named defendants in both actions. The present controversy has reached this Court via two separate routes. Halliburton filed a motion to intervene in the probate action for the purpose of seeking a declaratory judgment in regard to application of the residency requirement for probate estate administrators to wrongful death action personal representatives. That motion was denied, and has been appealed. In the federal court wrongful death action, the same question has been certified to this Court by the Federal District Court.[1]

---

1. The certified question reads as follows:
    When filing a wrongful death action, must a personal representative for an intestate estate comply with the Wyoming Probate Code's residency requirements for administrators, Wyo. Stat. Ann. § 2–4–201(c), or may a personal representative be a citizen of another state without associating with a co-representative who is a Wyoming resident?

    In other words, is there a distinction in Wyoming law between an estate opened purely for purposes of pursuing a wrongful death action, Wyo. Stat. Ann. § 1–38–102(a), and an estate opened for purposes of administering an intestate decedent's estate?

## DISCUSSION

### Intervention

[¶ 4] "Intervention" is the process by which a non-party becomes a party to a lawsuit, either as an additional plaintiff or an additional defendant. *Black's Law Dictionary* 840 (8th ed.2004). In Wyoming, the right of intervention is governed by W.R.C.P. 24, which reads in pertinent part as follows:

(a) *Intervention of right.* – Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive intervention.* – Upon timely application anyone may be permitted to intervene in an action:

(1) When a statute confers a conditional right to intervene; or

(2) When an applicant's claim or defense and the main action have a question of law or fact in common....

....

[¶ 5] We described our standard for the review of the denial of a motion to intervene of right in *Masinter v. Markstein*, 2002 WY 64, ¶ 7, 45 P.3d 237, 240–41 (Wyo.2002) (quoting *State Farm Mut. Auto. Ins. Co. v. Colley*, 871 P.2d 191, 194 (Wyo.1994) (citations omitted)):

Questions of law and judicial discretion are presented by the denial of a motion to intervene. This court accords no deference to a district court's decisions on issues of law. Therefore, if the district court erroneously denied intervention as of right under the first, second or third conditions of W.R.C.P. 24(a)(2), we will reverse. However, the determination of the timeliness of an application to intervene is a matter within the discretion of the district court. The district court is permitted to weigh the timeliness of an application to intervene in light of the circumstances of the particular case, including whether the applicant may have sought intervention earlier. Therefore, to prevail on an appeal from a finding that an application to intervene is untimely, an abuse of discretion must be demonstrated.

[¶ 6] "An applicant who fails to meet any of [the conditions of W.R.C.P. 24(a)(2) ] is not permitted to intervene as of right...." *State Farm v. Colley*, 871 P.2d at 194. In that regard, intervention of right is not available to a non-party whose interest in the litigation, rather than being a "significantly protectable interest," is merely "contingent," or reflects no more than a "concern" in the outcome. *Id.; Platte County Sch. Dist. No. 1 v. Basin Elec. Power Coop.*, 638 P.2d 1276, 1279 (Wyo.1982).

[¶ 7] The district court relied upon the reasoning of *Murg v. Barnsdall Nursing Home*, 2005 OK 73, 123 P.3d 21 (Okla.2005), in concluding that Halliburton was not entitled to intervene of right in the probate action. The court in *Murg* held that the nursing home was not a proper party to challenge appointment of the personal representative because it was not an interested party as a statutory heir of the decedent, it was not eligible to petition for letters of administration in its own right, and it had no connection to the deceased other than being potentially liable for her demise. *Id.* at 30. Under the circumstances, the nursing home was not an "interested party" in the estate. *Id.*

[¶ 8] We agree with that reasoning. The language of Wyo. Stat. Ann. § 2–4–206 (LexisNexis 2007) suggests that the Wyoming Legislature intended similarly to limit the number of "interested persons" who may contest a petition for letters of administration:

Any person interested may contest the petition by filing written opposition on the ground of the incompetency of the applicant, or may assert his own rights to the administration and pray that letters be issued to himself. In the latter case the contestant shall file a petition and submit

evidence in support thereof, taken and reduced to writing before the clerk or commissioner of the court, and the court shall hear the two (2) petitions together.

Clearly, in the absence of an incompetent administrator, one can contest appointment of the administrator only if one is entitled, in one's own right, to act as administrator.[2] A potential wrongful death action defendant is not so entitled.[3] Furthermore, referring back to W.R.C.P. 24(a)(2), we do not find that Halliburton's interest, as a wrongful death action defendant, is such that it may only be protected by intervention in the probate action. As the district court concluded, "[t]he appointment of the personal representative does not impair Halliburton's ability to protect its economic interest in the wrongful death action."

[¶ 9] The district court also denied permissive intervention by Halliburton, on the ground that Halliburton did not show that its claim shared a common question of law or fact with the probate proceeding. *See* W.R.C.P. 24(b)(2). We review a denial of a motion for permissive intervention for an abuse of discretion, and our review is particularly deferential. *Masinter*, ¶ 14, 45 P.3d at 242. In this case, we simply cannot say that the district court could not reasonably have decided as it did, or that it misapplied the law. Halliburton's defense of its conduct, in the civil negligence action, has no correlative in the probate estate. There was no abuse of discretion.

### Standing

[¶ 10] The existence of standing is a legal issue that we review *de novo*. It is an aspect of subject matter jurisdiction. *Pedro/Aspen, Ltd. v. Bd. of County Comm'rs for Natrona County*, 2004 WY 84, ¶ 8, 94 P.3d 412, 415 (Wyo.2004); *Jolley v. State Loan & Inv. Bd.*, 2002 WY 7, ¶ 6, 38 P.3d

1073, 1076 (Wyo.2002); *Tex. DOT v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004); 59 Am.Jur.2d *Parties* § 34 (2002). The doctrine of standing is based upon precepts quite similar to the precepts underlying the intervention doctrine, and the district court relied also upon standing in denying Halliburton's access to a declaratory judgment in the probate action.

[¶ 11] "Standing" is short for "standing to sue," which requires a "legally protectible and tangible interest at stake in the litigation." *Olsten Staffing Servs., Inc. v. D.A. Stinger Servs., Inc.*, 921 P.2d 596, 599 (Wyo.1996) (quoting *Black's Law Dictionary* 1405 (6th ed.1990)). The phrase "tangible interest" has been equated with the phrase "personal stake in the outcome." *Goshen Irrigation Dist. v. Wyo. State Bd. of Control*, 926 P.2d 943, 947 (Wyo.1996); *State ex rel. Bayou Liquors, Inc. v. City of Casper*, 906 P.2d 1046, 1048 (Wyo.1995). The person alleging standing must show a "perceptible," rather than a "speculative" harm from the action; a remote possibility of injury is not sufficient to confer standing. *Sinclair Oil Corp. v. Wyo. PSC*, 2003 WY 22, ¶ 13, 63 P.3d 887, 894–95 (Wyo.2003)

[¶ 12] The district court properly analyzed and resolved the issue of standing against Halliburton in this case. Following the concepts outlined above, the district court concluded that Halliburton had "no genuine legal interest in the probate court's appointment of Retha Gunter as personal representative." Once again, we agree with the district court. Halliburton's "personal stake" was in its defense of the wrongful death action, not in the probate court's appointment of a personal representative.

[¶ 13] Our conclusion that Halliburton lacks standing to raise this issue carries over into the federal court wrongful death

---

**2.** "Competency" in this instance means mental competency. *See* Wyo. Stat. Ann. § 2–1–301(a)(xxi) (LexisNexis 2007). *See also In re Estate of Peters*, 2001 WY 71, ¶ 9, 29 P.3d 90, 92 (Wyo.2001) (to be an "interested person" under the statute, one must stand to inherit under the estate).

**3.** In citing to Wyo. Stat. Ann. § 2–1–301, we are cognizant of the mandate that there is a difference between probate estates and wrongful death estates, and that the statutes governing the latter are in the civil code rather than the probate code, but we believe the probate code statute is instructive in determining the intent of the civil code statute. *See Ashley v. Read Constr. Co.*, 195 F.Supp. 727, 729 (D.Wyo.1961).

action.[4] That is because Halliburton's "personal stake" is the same in both cases. Therefore, inasmuch as Halliburton lacks standing to challenge the appointment of the personal representative, it would be inappropriate for us to answer the underlying substantive question of the validity of the appointment. This resolution is consistent with the doctrine that prevents collateral attack upon a judgment or ruling, absent facial invalidity. *See In re Estate & Guardianship of Andrews*, 2002 WY 17, ¶ 19, 39 P.3d 1021, 1026 (Wyo.2002); *Ashley v. Read Constr. Co.*, 195 F.Supp. 727, 730 (D.Wyo.1961); 22A Am. Jur.2d *Death* § 322 (2003) (validity of appointment of personal representative may not be collaterally attacked in wrongful death action absent jurisdictional defect appearing on face of pleadings). *See also State ex rel. American Flyers Airline Corp. v. Superior Court of Creek County*, 1967 OK 144, ¶ 2, 435 P.2d 131, 133 (Okla.1967); *Hoskins v. Eastern Air Lines, Inc.*, 265 F.Supp. 842, 845 (E.D.N.Y.1967); *Beresford v. American Coal Co.*, 124 Iowa 34, 98 N.W. 902, 902–03 (Iowa 1904).

## CONCLUSION

[¶ 14]  A wrongful death action defendant does not have standing to challenge the appointment of the estate's personal representative because a wrongful death action defendant does not have a personal stake or tangible interest in that appointment. Neither may a wrongful death action defendant intervene in the probate estate action as a matter of right for the purpose of challenging the appointment of the personal representative. Finally, the district court, sitting in probate, did not err as a matter of law or abuse its discretion in denying permissive intervention of the wrongful death action defendant into the probate estate action.

---

4.  In *Murg v. Barnsdall Nursing Home*, 2005 OK 73, 123 P.3d 21 (Okla.2005), the Oklahoma Supreme Court premised its "interested party" analysis upon the doctrine of standing. *Id.* at ¶ 21, 123 P.3d at 29. It did the same in a companion case under circumstances similar to ours, where the issue arose in both the probate action and the civil action. *Murg v. Barnsdall Nursing Home*, 2005 OK 74, ¶ 22, 123 P.3d 11, 20 (Okla.2005).