BOOMGAARDEN, Justice.
[¶1] Appellant, Sharon Ross, applied for a decree of summary distribution of real property of the estate of her grandfather, Chris Robert Frank (Decedent). The district court denied the application, ruling Appellant lacked standing to file it. We affirm.
ISSUE
Did the district court err in its analysis of W.S. § 2-1-205 regarding who can file as a distributee and from whom a distributee may claim?
FACTS
[¶2] Decedent, Chris Robert Frank, died testate on August 28, 1990, in Laramie County, Wyoming, where he owned property interests. Several family members survived Decedent, including his spouse, Emily Frank; four sons, Marvin Frank, Kenneth Frank, Darrell Frank, and Richard Frank; and a daughter, Ardith Ross. Decedent's estate was never formally administered. Through his will, Decedent bequeathed the rest, residue, and remainder of his estate to his spouse, Emily.
[¶3] Emily Frank died on September 17, 1991. Emily died testate and her estate also was never formally administered. She bequeathed the rest, residue, and remainder of her estate in equal shares to her five surviving children.
[¶4] Decedent's and Emily's daughter, Ardith Ross, died intestate on December 18, 1994. Ardith died without a will and her estate was never probated. She was survived by her spouse, Henry Ross, and her daughter, Appellant. Under Wyo. Stat. Ann. § 2-4-101(a)(i) (LexisNexis 2017), Henry and Appellant each received one half of Ardith Ross's estate. Under the same statute, Henry's estate descended to his sole heir, Appellant, when he died intestate on July 28, 2001.
[¶5] Sixteen years later, on April 5, 2018, Appellant applied for a decree of summary distribution of the real property of Decedent's estate under Wyo. Stat. Ann. § 2-1-205 (LexisNexis 2017). Appellant identified herself and the four surviving children of Decedent and Emily as the estate's distributees and asked the court to distribute Decedent's real property interests in equal shares to the distributees. The district court denied Appellant's application because Appellant did not fit the definition of "distributee" under Wyo. Stat. Ann. § 2-1-301(a)(xiii) (LexisNexis 2017) and, thus, lacked standing under Wyo. Stat. Ann. § 2-1-205(a) to file the application. The court stated in support of its decision that Decedent's spouse, Emily Frank, was the "distributee" under Decedent's will, not Appellant. The court also opined that, if Decedent's estate was subject to intestate succession under Wyo. Stat. Ann. § 2-4-101, Decedent's wife and five children would be the only "distributees" because each of them survived Decedent. Finally, the district court remarked that the definition of *887 "distributee" showed the purpose of Wyo. Stat. Ann. § 2-1-205 was to provide summary distribution of the property of only one decedent, while Appellant's application improperly sought to distribute property of multiple estates. The court described the affected estates as follows:
a. As it concerns the Decedent's four (4) surviving sons, through the estates of both the Decedent and Emily C. Frank, the Decedent's surviving spouse; and
b. As it concerns [Appellant], through the estates of four (4) separate decedents - (1) the Decedent, (2) Emily C. Frank, the Decedent's surviving spouse, (3) Ardith L. Ross, the Decedent's surviving daughter, and (4) Henry C. Ross, the now-deceased spouse of Ardith L. Ross.
This appeal followed.
STANDARD OF REVIEW
[¶6] "The existence of standing is strictly a legal issue and our review is de novo." Essex Holding, LLC v. Basic Properties, Inc. , 2018 WY 111, ¶ 42, 427 P.3d 708, 721 (Wyo. 2018) (citing Halliburton Energy Servs., Inc. v. Gunter , 2007 WY 151, ¶ 10, 167 P.3d 645, 649 (Wyo. 2007) ). Statutory interpretation is also a question of law we review de novo. In re Estate of Meyer , 2016 WY 6, ¶ 17, 367 P.3d 629, 634 (Wyo. 2016) (citing Powder River Basin Res. Council v. Wyo. Oil & Gas Conservation Comm'n , 2014 WY 37, ¶ 19, 320 P.3d 222, 228 (Wyo. 2014) ).
[¶7] When interpreting statutes, we first look to the statute's plain language to determine the legislature's intent and we examine the plain and ordinary meaning of the words to determine whether the statute is ambiguous. Id. (citations omitted). "We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia ." In re Estate of Johnson , 2010 WY 63, ¶ 8, 231 P.3d 873, 877 (Wyo. 2010) (quoting BP Am. Prod. Co. v. Dep't of Revenue , 2005 WY 60, ¶ 15, 112 P.3d 596, 604 (Wyo. 2005) ). "[W]e will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions." Id. ¶ 8, 231 P.3d at 878 (quoting BP Am. Prod. Co. , ¶ 15, 112 P.3d at 604 ).
[¶8] A statute is clear and unambiguous if reasonable persons can agree on its meaning with consistency and predictability. Estate of Meyer , ¶ 17, 367 P.3d at 634 (quoting Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist. , 2001 WY 86, ¶ 17, 31 P.3d 1242, 1249 (Wyo. 2001) ). "Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations." Id. (quoting Wyo. Cmty. Coll. Comm'n , ¶ 17, 31 P.3d at 1249 ). If we determine the language of a statute is ambiguous, we apply general principles of statutory construction "to construe any ambiguous language to accurately reflect the intent of the legislature." Id. ¶ 21, 367 P.3d at 636 (quoting Powder River Basin Res. Council , ¶ 19, 320 P.3d at 229 ). We "read the statutes together, and construe statutes relating to the same subject in harmony." Id. (citing Wyo. Cmty. Coll. Comm'n , ¶¶ 16-17, 31 P.3d at 1249 ). To determine the legislature's intent in enacting a statute, we "must look to the mischief the act was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law and all other prior and contemporaneous facts and circumstances that would enable [us] intelligently to determine the intention of the lawmaking body." Id. (quoting Wyo. Cmty. Coll. Comm'n , ¶ 18, 31 P.3d at 1249 ).
DISCUSSION
[¶9] Appellant argues she is a "distributee" of Decedent's estate and, therefore, had standing to apply for summary distribution of Decedent's real property under Wyo. Stat. Ann. § 2-1-205(a). That statute provides:
If any person dies who is the owner of personal or real property, including mineral interests, but whose entire estate including personal property does not exceed two hundred thousand dollars ($200,000.00), less liens and encumbrances, the person or persons claiming to be the distributee or distributees of the decedent may file , not earlier than thirty (30) days after the decedent's death, an application for a decree of summary distribution of property.
*888 Wyo. Stat. Ann. § 2-1-205(a) (emphasis added). The statutes define "distributee" as "a person entitled to any property of the decedent under his will or under the statutes of intestate succession[.]" Wyo. Stat. Ann. § 2-1-301(a)(xiii). Appellant claims she is entitled to an interest in Decedent's real property through the following line of inheritance:
• From Decedent by will to his wife, Emily Frank.
• From Emily Frank by will to her five children, including Ardith Ross.
• From Ardith Ross by intestate succession to her husband, Henry Ross, and her daughter, Appellant.
• From Henry Ross by intestate succession to his daughter, Appellant.
Appellant argues this connection qualifies her to be a distributee with standing to file her application, and she alleges the district court's contrary interpretation of the statutes was too narrow. In its order denying Appellant's application, the district court stated the definition of distributee contemplates a "snapshot" at the time a decedent dies and it identifies those individuals at the time who are entitled to the decedent's property under his will or under the statutes of intestate succession. The district court determined that, at the time of Decedent's death, his surviving spouse, Emily Frank, was the only distributee because Decedent had a will and Emily was the only person entitled to Decedent's assets under the will.
[¶10] Appellant argues the statutory language does not expressly include the "snapshot" concept noted by the district court, and we agree. Wyo. Stat. Ann. § 2-1-301(a)(xiii) does not explicitly limit how, or to what extent, a distributee must be "entitled" to a decedent's property "under the statutes of intestate succession." A broad reading of the statute would allow a person to be a distributee if she has an interest in the property by intestate succession through the decedent's or others' estates. A narrower interpretation, such as the one the district court applied, would emphasize that a person must be "entitled to any property of the decedent under his will" and conclude the statute focuses solely on the immediate decedent's estate so that if the decedent died intestate the distributee must demonstrate she is entitled to property through the statutes of intestate succession applied only to that decedent's estate .[1] See Wyo. Stat. Ann. § 2-1-301(a)(xiii) (emphasis added). Either interpretation is possible, thus rendering Wyo. Stat. Ann. § 2-1-301(a)(xiii) ambiguous.
[¶11] This ambiguity is perpetuated by the statutory provisions that set forth the content requirements for an application for summary distribution. Wyo. Stat. Ann. § 2-1-205(b) provides that a summary distribution application shall state the facts required by Wyo. Stat. Ann. § 2-1-201(a)(i) through (v) (LexisNexis 2017). Among the requirements of Wyo. Stat. Ann. § 2-1-201(a)(iv), an application must include facts "concerning the legal basis upon which the distributee or distributees claim entitlement to such property, including facts regarding any intervening estates or other parties who may have a claim of entitlement from the decedent and from whom the applicant distributee or distributees claim ". (Emphasis added.) We agree with Appellant that this language might indicate that a distributee may claim entitlement to the decedent's property by way of an "intervening estate" or "other party". Alternatively, the statute might require these additional facts to allow a court to disqualify alleged distributees who do not meet the statutory definition. Thus, Wyo. Stat. Ann. § 2-1-201(a)(iv) neither resolves the ambiguity in Wyo. Stat. Ann. § 2-1-301(a)(xiii) nor evidences legislative intent that a person with a complicated connection to the decedent's property may sustain a *889 proceeding under Wyo. Stat. Ann. § 2-1-205(a) for "summary distribution" of that property.
[¶12] To resolve this ambiguity, we look at the mischief the statutes were intended to cure. Estate of Meyer , ¶ 21, 367 P.3d at 636 (citation omitted). The legislature has expressly stated that Wyoming's probate code shall "be liberally construed and applied" to promote several purposes, including to "[d]iscover and make effective the intent of a decedent in distribution of his property" and to "[p]romote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors[.]" Wyo. Stat. Ann. § 2-1-102(a)(ii)-(iii) (LexisNexis 2017); see also Lon V. Smith Found. v. Devon Energy Corp. , 2017 WY 121, ¶ 22, 403 P.3d 997, 1004 (Wyo. 2017), reh'g denied (Nov. 7, 2017). Despite waiting sixteen years to seek summary distribution of Decedent's estate, Appellant argues speed and efficiency are especially important in proceedings for the summary distribution of an estate's property because the legislature limited the availability of such proceedings to small estates not exceeding $200,000 in value. She alleges that adopting the district court's interpretation would undermine the intended speed and efficiency by preventing Decedent's real property from being distributed in a single proceeding under Wyo. Stat. Ann. § 2-1-205. Instead, she alleges the district court's interpretation would require separate probate proceedings (one each for Decedent, Emily Frank, Ardith Ross, and Henry Ross) to accomplish the same task. Appellant argues that the costs in time and money to pursue those proceedings could be disproportionate to the value of the estate and that requiring a person to incur those costs would be contrary to the legislature's stated policies.
[¶13] We agree that by capping the value of estates eligible under the statute, the legislature intended the "summary procedure for distribution of personal or real property" in Wyo. Stat. Ann. § 2-1-205 to provide a quick and more efficient mechanism for adjudicating smaller estates than formally probating wills or administering intestate succession. See Wyo. Stat. Ann. §§ 2-4-101, et seq. (governing intestate succession), 2-6-201 (LexisNexis 2017), et seq. (governing procedure for probate). However, the legislature also promoted the purpose of "mak[ing] effective the intent of a decedent in distribution of his property" by writing the summary distribution statute and the definition of distributee to address a single decedent ("the decedent", "his will"). See Wyo. Stat. Ann. §§ 2-1-102(a)(ii), 2-1-205, 2-1-301(a)(xiii). Neither the language of those statutes nor the probate code's express policies indicate the legislature intended the summary distribution proceeding to adjudicate more than one decedent's estate; something Appellant's interpretation would require. Accordingly, the district court's interpretation better adheres to the statutes' focus on a single decedent's estate while also providing for an efficient proceeding for distribution of property in smaller estates. Limiting the scope of distributees to only those who are entitled to a decedent's property through his immediate will or through intestate succession as applied only to that decedent's estate promotes use of the summary distribution process for smaller estates that are uncomplicated by lines of inheritance.
[¶14] We conclude, as the district court did, that the definition of distributee applies solely to persons who are entitled to property of a decedent through that decedent's will or the statutes of intestate succession as applied to that decedent. Wyo. Stat. Ann. § 2-1-301(a)(xiii). In this case, Decedent's will passed his assets and real property to Emily Frank. Appellant allegedly possesses an interest in the real property by way of several estates-a claim that does not fit the definition of distributee.[2] Because she *890 was not a distributee of Decedent's estate, Appellant was not a proper applicant under Wyo. Stat. Ann. § 2-1-205(a). We affirm the district court's denial of Appellant's application.[3]

Appellant argues we should adopt her interpretation over the district court's because the definition of distributee uses "or" in the disjunctive when it states, "under his will or under the statutes of intestate succession[.]" See Wyo. Stat. Ann. § 2-1-301(a)(xiii) (emphasis added); see also Knight ex rel. Knight v. Estate of McCoy , 2015 WY 9, ¶ 31, 341 P.3d 412, 420 (Wyo. 2015) (citing Olivas v. State ex rel. Wyo. Workers' Safety and Comp. Div. , 2006 WY 29, ¶ 15, 130 P.3d 476, 484 (Wyo. 2006) ) (noting the word "or" is usually used in the disjunctive sense and expressing multiple clauses in the disjunctive generally indicates alternatives, requiring separate treatment). We see no ambiguity in the statute's use of "or" in the disjunctive; in fact, both interpretations treat it as disjunctive.

As the district court noted, the Wyoming Probate Code provisions governing decrees of descent may provide Appellant a form of summary relief. Wyo. Stat. Ann. § 2-9-201 (LexisNexis 2017) provides, in part:
When more than two (2) years have elapsed since the death of a person residing in this state, ... and there has been no previous, record judicial determination of the decedent's heirs or the right of descent of the real property interest, any heir of the deceased or other person having derived title to any real property or any interest therein from the deceased or from any of his heirs either by direct or mesne conveyances, may make application by petition to the court ... for determination of the time of death of the decedent and a determination of the heirs of the deceased, the degree of kinship and the right of descent of the real property belonging to the deceased.
(Emphasis added). See also Ann B. Stevens, Uniform Probate Code Procedures: Time for Wyoming to Reconsider , 2 Wyo. L. Rev. 293, 313 (2002) (explaining that Wyo. Stat. Ann. § 2-9-201 provides a second summary procedure, with no dollar limit, to transfer title to real property, but which can only be used when two years have passed since the prior owner's death); Stroock v. Kirby Royalties, Inc. , 494 P.2d 197, 199 (Wyo. 1972) (holding that a decree of descent declares who has acquired the title of decedent).

Appellant argued in her brief that several district courts have granted decrees for summary distribution of property in similar circumstances to Appellant. Appellant attached examples of these orders to her brief and asks us to rule consistent with them. We review questions of law de novo and, thus, are not bound by the district courts' decisions. See, e.g. , Estate of Meyer , ¶ 17, 367 P.3d at 634 (citation omitted).